UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LESTER COPELAND, CORINNE COPELAND, § § § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:18-CV-04442 |
| § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, § § § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Pending before the Court is the defendant's, Allstate Vehicle and Property Insurance Company (Allstate) motion for summary judgment (Dkt. No. 11), the plaintiffs', Corinne and Lester Copeland (the "Copelands") response in opposition to the motion (Dkt. No. 14), and Allstate's reply in support of its motion (Dkt. No. 16).  After carefully considering Allstate's motion, the Copelands' response and Allstate's reply, the Court concludes that the motion should be **GRANTED**.

**II.   FACTUAL BACKGROUND**

On July 10, 2017, the Copelands reported a claim to Allstate regarding hail storm damage to their roof.  Subsequently, on July 13, 2017, Allstate had the property inspected and no hail damage was found.  On July 18, 2017, at the request at the Copelands, Allstate re-inspected the roof.  Again, no storm damage was found.  On July 26, 2017, at the request of the Copelands, a third inspection was completed.  During this inspection minimal damage to the gutters and downspouts and a window was found.  However, the overall damages amount was below the

Copelands' deductible. Allstate notified the Copelands that the loss did not exceed the deductible and that the claim would be closed.

On August 28, 2017, the Plaintiffs reported wind damages to the roof caused by hurricane Harvey. On September 15, 2017, the property was inspected. The amount of damages claimed was found to be below the deductible. Subsequently, at the Copelands' request the property was inspected again, but this time with their roofing contractor present. During this inspection damages were identified and appraised. However, the amount of damages was found to be below the deductible.

On October 12, 2018, the Copelands brought a state action against Allstate for breach of contract and several extra-contractual claims. Subsequently, the case was removed to this Court. On July 15, 2019, Allstate retained HAAG Engineering to inspect the property for hail and wind damage. The report was filed along with the motion for summary judgment.

## III. APPLICABLE LAW

### Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed. 2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only

where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

### IV. ANALYSIS

This case arises from two distinct insurance claims, the first, a claim for hail storm damage and, the second, a claim for hurricane Harvey wind damage. The Copelands brought this action against Allstate for breach of contract and several extra-contractual claims. Upon examination of the record it appears that no disputed material fact exists as to any of the claims, therefore, summary judgment is appropriate.

#### a. *Lack of Causation*

Allstate asserts that the Copelands cannot create a genuine issue of material fact regarding the causation element of either of their claims. Under the doctrine of concurrent causes, Allstate contends that the Copelands cannot meet their burden to segregate damage attributable to covered peril from damage attributable to a non-covered peril and thus, cannot establish the causation element of their claims.

Here, Allstate has provided a report authored by an engineering firm indicating that the roof damage was not caused by hail as reported in the first claim or wind as reported in the second claim. Allstate argues that the insured must present some evidence upon which the jury can allocate the damage attributable to the covered peril. *Lyons v. Millers Casualty Ins. Co.*, 866

S.W. 2d 597, 601 (Tex. 1993). Allstate contends that while the Copelands claim that their property was damaged by a hail storm on July 3, 2017, there is no evidence that there was a hail storm that occurred on that date near their home. Further, the engineer's report states that there was no damage to the roof or exterior from a hail storm. The Copelands' have failed to enter any information into the record refuting the report. Moreover, the Court has not identified any information in the record indicating that a hail storm or winds experienced during hurricane Harvey damaged the Copelands' roof. Thus, the Copelands' claims fail on this account.

      b.      ***Breach of Contract Claim***

Allstate also contends that the Copelands have not created a genuine issue of fact regarding their breach of contract claim. In response, the Copelands argue that Allstate breached its duty to investigate and pay policy benefits for claims made for covered damages. The Copelands maintain that the investigations had the sum total effect of depriving them of the value of the policy benefits and breaching the insurance contract. However, Allstate maintains that it promptly and properly investigated the loss numerous times as required by Texas law.

Under Texas law, a plaintiff establishes a breach of contract claim when: (1) a valid contract exists; (2) performance is tendered by the plaintiff; (3) the contract is breached by the defendant; and (4) damages to the plaintiff result from that breach. *Wright v. Christian & Smith*, 950 S.W. 2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no pet.). According to the record before the Court, Allstate conducted a timely review. The first claim of hail storm damage was reported on July 10, 2017, and an inspection was completed on July 12, 2017. Additional inspections were requested, scheduled and conducted. Moreover, Allstate appraised the cost for damages it discovered during its third inspection on the first claim. However, the sum of the

damages was under the deductible amount. The Copelands have failed to plead facts sufficient to state a viable breach of contract claim. Therefore, their breach of contract claim fails.

### b. *Extra-contractual Claims*

First, Allstate asserts that the Copelands' extra-contractual claims under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Chapter 541/542, for bad faith and unfair dealing and for misrepresentation fail since there is no breach of contract. Allstate explains that the Copelands' cannot carry their burden to segregate claims for covered damages and therefore, cannot create a genuine issue of material fact as to an essential element of their breach of contract claim. As a result, the Copelands' extra-contractual claims necessarily fail because they cannot show either that Allstate failed to timely investigate their claims or that Allstate committed an act so extreme that it caused an injury independent of the policy claim. *See USAA Tex. Lloyds Co. v. Menchaca*, 2017 WL 1311752, 11-12 (Tex. Apr. 17. 2017).

On the other hand, the Copelands contend that their breach of contract claim does not fail, and thus, their extra-contractual claims survive. The Copelands add that the policy holder's extra-contractual causes of action exist outside of a breach of contract action. *USAA Tex. Lloyds Co. Menchaca*, 545 S.W. 3d 479, 489 (Tex. 2018). The Copelands assert that they called Allstate several times requesting an inspection and that it took Allstate a "long time" to come out and assess their property. They claim that these are potential violations of the timelines under Chapter 541/542 of the Prompt Pay Act.

Because the Copelands have failed to state a breach of contract claim, and thus a right to receive policy benefits, the Copelands cannot recover for Allstate's alleged extra-contractual violations. *Moore v. Allstate Tex. Lloyd's*, 742 Fed. Appx. 815 (2018).

Next, Allstate contends that the Copelands' extra-contractual claims fail because they have no extra-contractual damages. Allstate argues that in order for a Chapter 541 of the DTPA violation to be actional, it must be a producing cause of Plaintiff's alleged damages. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 702 (5th Cir. 1999). Allstate explains further that, the damages caused by the alleged bad faith must differ from and be in addition to the plaintiff's contractual damages. The Copelands disagree that summary judgment is appropriate regarding this issue and claim they have not been allowed to conduct adequate discovery to address these issues.

After reviewing the record it appears that the Copelands have failed to provide proof of any compensable damages resulting from the denial of their claims outside the alleged contractual damages. Further, the Copelands have failed to offer any evidence that demonstrates a genuine issue of material fact as to their allegations that Allstate engaged in false, misleading or deceptive acts.

Further, the Copelands have failed to show that Allstate acted in bad faith. A reasonable basis exists for the denial of their claims. Moreover, the Copeland's have not offered evidence that Allstate failed to timely investigate their claim or that it committed an act so extreme that is caused injury independent of the policy claim. *Menchaca*, 2017 WL 1311752 at 11-12. The record reflects that Allstate inspected the property upon receipt of the claim regarding hail storm damage and also inspected the property after receiving the second claim and determined that there were damages. Therefore, this claim fails.

Finally, Allstate contends that it made no misrepresentation, either intentional or negligent to the Copelands. The Copelands argue that Allstate made misrepresentations when it

failed to fairly and promptly investigate and adjust covered losses under their policy. The record reflects otherwise. Therefore, this claim fails.

### V.   CONCLUSION

Summary judgment is proper for Allstate. Based on the foregoing analysis and discussion, Allstate's motion for summary judgment is **GRANTED**.

It is so ORDERED.

SIGNED on this 16th day of January, 2020.

_____
Kenneth M. Hoyt
United States District Judge